**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CARLO LICATA, on behalf of himself, and on behalf of all persons similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: _____ |
| FACEBOOK, INC., a Delaware Corporation, | ) ) | Hon. _____ |
| Defendant. | ) ) | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Facebook, Inc. ("Defendant" or "Facebook"), by and through its undersigned counsel, removes the above-captioned action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1453, on the grounds that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). As grounds for removal, Facebook states the following:

**I.      BACKGROUND**

1.      On or about April 1, 2015, plaintiff Carlo Licata ("Plaintiff") filed this putative class action, captioned *Licata v. Facebook, Inc.*, in the County Department of the Chancery Division in the Circuit Court of Cook County, Illinois. The case was docketed as No. 2015-CH-05427. A true and correct copy of Plaintiff's Complaint is attached as Exhibit 1.

2.      Process was served on Facebook on April 7, 2015. A true and correct copy of the Summons that was served on Facebook is attached as Exhibit 2.

3.      Plaintiff alleges that a feature on Facebook's platform violates the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). Specifically, Plaintiff

alleges that Facebook (1) derives information about individuals' facial features from photographs that are uploaded to Facebook's online social-networking service; and (2) subsequently uses that information to allow the people who use the service to "automate the process of identifying and tagging friends" in other photos.  Compl. ¶¶ 21-33.

4.      Plaintiff further alleges that the information derived from the photographs constitutes "biometric information" within the meaning of BIPA, and that Facebook has violated the statute by failing to make the requisite disclosures to, and obtain adequate releases from, the people who use its service.  *Id.* ¶¶ 44-53.

5.      Plaintiff seeks to represent a class of "[a]ll residents of the State of Illinois who had their faceprints collected, captured, received, or otherwise obtained by Facebook while residing in Illinois."  Compl. ¶ 39.  Plaintiff alleges that there are "thousands" of potential class members.  *Id.* ¶ 40.  The Complaint seeks an order certifying the case as a class action; a declaration that Facebook has violated BIPA; statutory damages of $5,000 per allegedly intentional and reckless violation of BIPA (*see* 740 ILCS 14/20(2)) or (in the alternative) statutory damages of $1,000 per allegedly negligent violation of BIPA ((*see* 740 ILCS 14/20(1)); injunctive and equitable relief; litigation expenses and attorneys' fees; and interest.  *See id.* at Prayer.

6.      Facebook has not yet filed an answer or other responsive pleading to the Complaint.

## II.     THE JURISDICTIONAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

7.      Under CAFA, there is federal subject matter jurisdiction over any class action in which:  (1) the number of putative class members exceeds 100; (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant"; and (3) the amount in controversy exceeds $5 million.  28 U.S.C. §§ 1332(d)(2), (d)(5).  All three requirements are satisfied here.

A. **This Case Is A Putative Class Action In Which The Proposed Class Includes At Least 100 Members**.

8. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff has stated that he "brings this action pursuant to 735 ILCS 5/2-801," the Illinois statute setting forth the prerequisites for maintaining a class action, and has included class allegations in his Complaint. Compl. ¶¶ 39-43.[1] Accordingly, this case satisfies CAFA's definition of a class action.

9. Plaintiff alleges that there are "thousands" of potential class members, satisfying CAFA's requirement that the putative class consist of at least 100 members. Compl. ¶ 40; 28 U.S.C. § 1332(d)(5)(B).

B. **Minimal Diversity Exists As Required By 28 U.S.C. § 1332(d)(2)(A).**

10. Plaintiff alleges that he is a member of the putative class. Compl. ¶¶ 34-38.

11. Plaintiff alleges that he is a resident of Illinois. *Id.* ¶ 7.

12. Facebook is incorporated in Delaware. Its principal place of business is Menlo Park, California. *Id.* ¶ 8.

13. Based on the foregoing, the minimal-diversity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

C. **The Amount In Controversy Exceeds $5 Million.**

14. The amount in controversy in a putative class action is determined by aggregating the amount at issue of the claims of all members of the putative class. 28 U.S.C. § 1332(d)(6). While Facebook specifically denies that Plaintiff or any putative class member is entitled to

---

[1] Facebook denies that class certification is appropriate in this case and expressly reserves its right to oppose class certification.

recover any amount, or any other relief sought, the Complaint's allegations on their face place in controversy an amount greater than $5 million, exclusive of interest and costs.

15.     Specifically, Plaintiff alleges that "thousands of consumers . . . fall into the definition of the Class," Compl. ¶ 40, and seeks statutory damages of up to $5,000 per violation of the statute.  *Id.* ¶ 53.  Thus, if the proposed class had as few as 2,000 class members, the amount in controversy would be $10 million.  Accordingly, the jurisdictional requirement is satisfied.

## III.   ALL OF THE OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

16.     <u>Removal is Timely</u>.  This Notice of Removal has been timely filed within thirty days of service of the Complaint on April 7, 2015, pursuant to 28 U.S.C. § 1446(b).

17.     <u>Removal To Proper Court</u>.  The Circuit Court of Cook County is located within the Northern District of Illinois, Eastern Division.  28 U.S.C. § 93(a)(1).  This Notice of Removal is therefore properly filed in this Court, pursuant to 28 U.S.C. §1441(a).

18.     <u>Pleadings and Process</u>.  Attached as Exhibit 3 is a copy of all process, pleadings, and orders received in the state court action.  28 U.S.C. § 1446(a).

19.     <u>Notice</u>.  A copy of the Notice of Filing of Notice of Removal will be timely filed with the clerk of the state court in which the action is pending and served on Plaintiff's counsel, pursuant to 28 U.S.C. § 1446(d) (attached as Exhibit 4).

20.     In sum, this Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), and this action therefore may be removed to this Court pursuant to 28 U.S.C. §§ 1441,

1446 & 1453.[2]

WHEREFORE, Defendant respectfully removes this action to the United States District Court for the Northern District of Illinois.

Dated:  May 6, 2015

Respectfully submitted,

By:  /s/ Vincent Connelly

Vincent Connelly
Michael D. Frisch
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
vconnelly@mayerbrown.com
mfrisch@mayerbrown.com

Lauren R. Goldman (application for admission forthcoming)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2647
lrgoldman@mayerbrown.com

Archis A. Parasharami
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 263-3328
aparasharami@mayerbrown.com

*Counsel for Defendant Facebook, Inc.*

---

[2]    In exercising its right to remove this case to this Court, Facebook does not waive its rights to assert any defenses it may have to the claims asserted by Plaintiff in this action, including but not limited to lack of personal jurisdiction, insufficient service of process, or failure to state a claim upon which relief may be granted.

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 6, 2015, this Notice of Removal was electronically filed with the Clerk of the Court using the CM/ECF system and that copies of the foregoing instrument were sent by first-class U.S. mail to the following parties:

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
J. Dominick Larry
nlarry@edelson.com
David I. Mindell
dmindell@edelson.com
EDELSON PC
350 N. LaSalle Street, Suite 1300
Chicago, IL 60654
Tel: (312) 589-6370
Fax: (312) 589-6378

*Counsel for Plaintiff*

Dated: May 6, 2015

By: /s/ Michael D. Frisch
        Michael D. Frisch

        *Counsel for Defendant Facebook, Inc.*